# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# DOCKET NO. 5:17-CV-174-MR

| | |
|---|---|
| LEIGH A. STRAWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social ) | |
| Security ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 11] and the Defendant's Motion for Summary Judgment [Doc. 14].

**I.     PROCEDURAL BACKGROUND**

The Plaintiff, Leigh A. Strawn ("Plaintiff"), asserts that her status/post renal carcinoma and status/post right radical nephrectomy, osteoarthritis, headaches, various digestive complaints with no clear etiology, and depression constitute physical and mental impairments under the Social Security Act (the "Act") rendering her disabled. On June 16, 2014, the Plaintiff filed an application for disability insurance benefits under Title II and

Title XVIII of the Act, alleging an onset date of June 1, 2012.[1]  [Transcript ("T.") at 203].  The Plaintiff's application was denied initially and upon reconsideration.  [T. at 131, 137].  Upon Plaintiff's request, a hearing was held on May 18, 2016, before an Administrative Law Judge ("ALJ").  [T. at 52-91].  Present at the hearing were the Plaintiff, the Plaintiff's attorney, and a vocational expert ("VE").  [T. at 52].  On June 28, 2016, the ALJ issued a decision, wherein the ALJ concluded that the Plaintiff was not disabled.  [T. at 28-43].  On July 28, 2017, the Appeals Council denied the Plaintiff's request for review [T. at 1], thereby making the ALJ's decision the final decision of the Commissioner.  The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  "When examining [a Social Security

---

[1] In a brief filed prior to the hearing in this matter, the Plaintiff provisionally moved to amend the alleged onset date to January 1, 2014.  [T. at 293].  The ALJ determined that amending the alleged onset date did not affect the outcome of the case and, therefore, did not rule on that provisional motion.  [T. at 28].

Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof,

which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative

work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fourth step and also provided alternative findings at the fifth step.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity from her alleged onset date, June 1, 2012. [T. at 30]. At step two, the ALJ found that the Plaintiff has severe impairments including status/post renal carcinoma and status/post right radical nephrectomy, osteoarthritis, headaches, and various digestive complaints with no clear etiology. [Id. at 32]. The ALJ, however, found Plaintiff's mental impairments to be non-severe. [Id. at 33]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that

meets or medically equals the Listings. [Id. at 38]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) except: she is restricted from ever climbing a ladder, ropes, or scaffolds, and is limited to only occasional climbing of ramps and stairs; she is limited to only occasional balancing, bending, stooping, kneeling, crouching, and crawling; she is limited to only occasional exposure to excessive noise, vibrations, and extremes in temperature; and she is limited to only occasional exposure to workplace hazards such as unprotected heights or dangerous machinery.

[Id.].

At step four, the ALJ identified Plaintiff's past relevant work as a fast food worker, waitress, spinner, dye machine tender, and vender. [Id. at 45]. The ALJ observed that the VE "testified that an individual with the above residual functional capacity would be able to perform the [Plaintiff's] past work as a fast food worker and waitress as it is generally and was actually performed, and her past work as a vender as she described it was actually performed." [Id.]. The ALJ proceeded to make alternative findings at step five "because there are other jobs existing in the national economy that she is able to perform." [Id.]. At step five, based on the testimony of the VE, the ALJ concluded, considering the claimant's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the

national economy that the Plaintiff can also perform, including electronics worker, hand packager, and shipping and receiving weigher. [Id. at 46]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act at any time from June 1, 2012, the alleged date of onset, through the date of the decision. [Id. at 47].

## V. DISCUSSION[2]

In this appeal, the Plaintiff presents three assignments of error as grounds for reversal of the ALJ's decision.[3] First, Plaintiff argues the ALJ erred in failing to provide a complete function-by-function analysis of Plaintiff's nonexertional mental functions associated with Plaintiff's mental impairments. [Doc. 12 at 4]. Second, Plaintiff contends the ALJ failed to weigh the opinions of consultative psychological examiner, Rebecca Reavis, PhD, as required by the regulations in the absence of a controlling opinion

---

[2] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

[3] The Court notes that to the extent that Plaintiff attempts to weave any other disparate legal arguments or errors into her assignments of error, the Court disregards those arguments. [See Doc. 12]. Such arguments must be set forth in separate assignments of error to be considered by this Court. See e.g. Gouge v. Berryhill, No. 1:16-cv-00076-MR, 2017 WL 3981146, at *2 (W.D.N.C. Sept. 11, 2017) (Reidinger, J.) (collecting cases). The Court again instructs counsel for Plaintiff to separately set forth each alleged error both so that the Court may consider them and to aid counsel in analyzing the proper framework and legal bases for these arguments.

by a treating physician.[4] [Id.]. Third, Plaintiff argues that the ALJ erred in failing to give legally sufficient reasons supported by substantial evidence for finding Plaintiff's testimony "not entirely consistent." [Id.]. The Plaintiff argues these errors require remand. The Defendant, on the other hand, contends the ALJ's decision was supported by substantial evidence and reached based on the application of the correct legal standards. [Doc. 15 at 5]. Because it is dispositive, the Court turns to Plaintiff's second assignment of error.

In this case the ALJ determined Plaintiff's mental impairments to be non-severe. The Plaintiff presented medical opinions regarding her mental impairments. In making disability determinations, the Regulations require ALJs to consider all medical opinions of record, regardless of their source. 20 C.F.R. §§ 404.1527(c), 416.927(c); 20 C.F.R. § 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."); SSR 06-03p (The ALJ must "consider all of the available

---

[4] The Court notes that Plaintiff does not directly assign error to the ALJ's finding that Plaintiff's mental impairment is non-severe, which is the ultimate issue impacted by the resolution of Plaintiff's second assignment of error. In this case, the preferred and appropriate means to have also directed the Court to the ALJ's finding on the severity of Plaintiff's mental impairment was to assign error to it. Again, clear and focused assignments of error together with relevant argument aid the Court's consideration of the issues.

evidence in the individual's case record in every case."). "Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [a plaintiff's] impairment(s), including [the plaintiff's] symptoms, diagnosis and prognosis, what [the plaintiff] can do despite impairment(s), and [the plaintiff's] physical and mental restrictions." 20 C.F.R. § 404.1527(a)(1). "The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p.

Generally, more weight will be given to an opinion of a medical source who has examined the claimant than to a non-examining source. 20 C.F.R. § 404.1527(c). Further, more weight will generally be given to opinions from a claimant's treating sources than from sources rendering an opinion based upon a single or limited examination of a claimant. Id. Where a medical source renders treatment or evaluation solely for the Plaintiff's need to obtain a report in support of a disability claim, the medical source is not considered a treating source. 20 C.F.R. § 404.1527(a)(2). If controlling weight is not given to a treating source's medical opinion, the ALJ must weigh all medical opinions of record. See 20 C.F.R. § 404.1527(c).

Here, the Plaintiff contends remand is required because, when the ALJ undertook to ascertain the Plaintiff's impairments, the ALJ failed to weigh the opinions of Dr. Reavis, a State Agency psychological examiner. Dr. Reavis evaluated the Plaintiff on July 14, 2014 and prepared a four-page single-spaced report on this evaluation. [T. at 537-540]. Dr. Reavis opined that the Plaintiff has moderate, recurrent major depressive disorder. [T. at 540]. Dr. Reavis also made the following relevant findings and conclusions:

> Leigh Strawn is applying for Federal Disability Benefits citing difficulties related to depression, anxiety and chronic pain…. She can benefit considerably from medication management and individual therapy for depression. Based on her current untreated symptoms, I believe that she would have significant difficulty being a productive and efficient worker. She is likely to be absent on a regular basis but when she is on the job, she is expected to have difficulty sustaining her attention, following through with complex directions and tolerating the stress and pressure associated with day to day work activities. She could have some difficulty getting along with her coworkers and supervisors because she is short tempered and somewhat socially anxious.

[T. at 540].

At step two of the sequential evaluation process, the ALJ discussed Dr. Reavis' report in detail before evaluating the Plaintiff's mental limitations in the four broad areas of functioning (activities of daily living; social functioning; concentration, persistence, or pace; and episodes of

11

decompensation). [T. at 34-36]. Then, several pages later in the decision following the ALJ's RFC assessment, the ALJ found as follows with respect to the medical opinion evidence:

> As for the opinion evidence, none of the claimant's treating physicians have provided an assessment of the claimant's current functional capabilities, or indeed, restricted her activities in any way….
>
> <u>State Agency psychological consultants found the claimant's allegations of mental impairments to be partially credible, but determined she remains capable of performing the simple, routine, repetitive tasks of unskilled work that do not require extensive social interaction</u>.
>
> In the absence of a functional capacities['] evaluation completed by a treating physician, <u>I have given some weight to the findings of the State agency medical consultants</u>. As non-examining physicians, their opinions are not entitled to controlling weight, but must be considered and weighed as those of highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Social Security Act. <u>SSR 96-6p</u>.
>
> In making my function-by-function assessment, I generally agree with the physical functional limitations imposed by the State agency medical consultants. However, for the reasons explained previously, <u>I disagree with the conclusion that the claimant's alleged anxiety and/or depression are severe impairments</u>.
>
> In reaching this conclusion, … [l]ess weight is given to the reports of consultative physical and psychological evaluation, because, for the reasons

> explained previously, those reports are not consistent with other medical evidence in the record.

[T. at 45 (emphasis added)].

Accordingly, on the surface, it appears that the ALJ weighed the opinions of Dr. Reavis. The ALJ's narrative, however, raises several questions as to whether the ALJ was actually referring to Dr. Reavis' report and opinions. First, the ALJ refers to "State Agency psychological consultants" in the plural. [T. at 44]. The record shows that only one State Agency psychological consultant – Dr. Reavis – evaluated the Plaintiff in this case. Second, Dr. Reavis made no finding that the Plaintiff's allegations of mental impairments were only "partially credible" and did not determine that the Plaintiff remains "capable of performing the simple, routine, repetitive tasks of unskilled work that do not require extensive social interaction." [See T. at 537-540]. Finally, Dr. Reavis never concluded that "the claimant's alleged anxiety and/or depression are severe impairments." [Id.]. Dr. Reavis did not diagnose the Plaintiff with anxiety, only major depressive disorder, and made no conclusions regarding the severity of the Plaintiff's impairments. [Id.].

Based on the incongruity between the ALJ's analysis and findings and the substance of Dr. Reavis' report and opinions, the Court cannot conclude

that the ALJ actually weighed Dr. Reavis' opinions.[5]  Without the proper consideration and weighing of available medical source opinions in this case, the Court cannot say whether the ALJ properly assessed the Plaintiff's RFC. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 662 & n. 1 (4th Cir. 2017) ("[B]ecause we cannot review the ALJ's mental-impairment evaluation, we cannot say that he properly assessed [plaintiff's] RFC.  And because we cannot gauge the propriety of the ALJ's RFC assessment, we cannot say that substantial evidence supports the ALJ's denial of benefits.").

In conclusion, the ALJ failed to properly weigh the medical source opinions in this case as more fully described above.  As such, the ALJ's conclusion regarding the weight of Dr. Reavis' opinions was not supported by substantial evidence.

In light of this decision, Plaintiff's other assignments of error need not be addressed but may be addressed by her on remand.

## VI. CONCLUSION

For the reasons stated, remand is required.  On remand, the ALJ shall properly weigh all medical opinions, including but not limited to the medical

---

[5] The Court has similar concerns with respect to the ALJ's weighing of the opinions of State Agency physical consultative examiner, Dr. Albert Whitaker, Jr., M.D.  The ALJ's summary of Dr. Whitaker's functional assessment of the Plaintiff does not accurately state Dr. Whitaker's findings.  [See T. at 44, 547].

opinions of consultative psychological examiner, Dr. Reavis, as more fully set forth in this opinion and in accordance with 20 C.F.R. § 404.1527.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 11] is **GRANTED** and the Defendant's Motion for Summary Judgment [Doc. 14] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS ORDERED.**

Signed: February 18, 2019

Martin Reidinger
United States District Judge